We're here for the argument in Tapper. We've had appearances, so Council for Appellant, step to the microphone, so to speak. Please tell me how long you'd like for rebuttal, or what do you want to reserve for rebuttal, I should say. Sure. Good morning, may it please the court. My name is Jessica Seng, and I represent the appellant Ian Tapper, and I'd like to reserve two minutes for rebuttal. Very well, that's great. Great. You may begin. Thank you. Your honors, Mr. Tapper was acquitted of aggravated assault and possession of a gun after a trial for allegedly shooting Edward Roberts while trying to steal from him. Even though the first jury concluded that Mr. Tapper was not guilty of shooting Mr. Roberts, at his robbery retrial, the prosecution again argued that Mr. Tapper committed robbery during the course of a theft by shooting him. And this violated- Why does it matter that the government made arguments about the shooting again? Isn't the issue whether the jury had to actually decide he was the shooter in order to convict of the robbery? That's- Sorry, yes, the issue at the second trial was that the jury had to decide that he was the shooter. Why did they have to decide that if you think about what they need to prove? They need to prove whether or not he intentionally put someone in immediate fear of harm, not whether he was a shooter, correct? Correct. Well, and that is immediate fear of serious bodily injury, which the court defined as an injury which creates a substantial risk of death or serious permanent disfigurement. And in this case, the shooting evidence was the only evidence that could have supported a threat of that level. So I want you to take that moment in time and think about the following that I think follows up nicely, I hope, on Judge Schwartz's point. If during the second trial, the prosecution had tried Mr. Tapper solely on the basis of his conduct up to the moment that Mr. Roberts was shot, would there be a collateral estoppel double jeopardy issue that we're dealing with at the moment? Yes, Your Honor. And that's because, as I said before, the shooting evidence was the only evidence of a threat of serious bodily injury. And the other conduct did not rise to a level of that kind of threat. So if we stop at a moment in time just before Mr. Roberts was shot, your position is there's an acquittal because there's no fear of serious bodily injury? Sorry, at the first trial, are you asking? At the first trial, there was an acquittal because the jury did not believe that Mr. Tapper was the shooter. But at the second trial, sorry, yes. At the second trial, no rational jury would have, the question is whether or not a rational jury could have based its verdict at the second trial on evidence other than the shooting. And I would argue that no rational jury could base a finding of a threat of serious bodily injury on the conduct before the shooting. And that's because in this case, we have an acquaintance who's much smaller than the victim. The victim was 250 pounds, much taller than the Mr. Tapper coming up from behind. And the victim doesn't see a gun on Mr. Tapper. And he believes indeed that Mr. Tapper is joking.  would have thought that Mr. Roberts was put in fear of serious bodily injury, which is risk of death or disfigurement. Would it be your view that there was, or the jury could very well have found that there was an assault, but that it was not with a gun? Not an assault, not an aggravated assault, which is an assault involving serious bodily injury. But you do concede that the jury could very well have found that there was an assault, but the assault was not with the shooting. Are you talking about at the first trial or at a hypothetical second trial, Your Honor? Yeah, first trial. At the first trial, the jury determined, all we can tell is based on the jury's acquittals. And from the acquittals, we can tell that the jury decided that the evidence was insufficient to establish that Mr. Tapper shot Mr. Roberts. But the question for Judge Fuentes was asking you different questions. He was asking whether or not the conduct, almost focusing on the timeline Judge Greenway presented, up until the time of the shooting, was there an assault? Were there facts upon which the jury could have concluded there was an assault? Not an aggravated assault, we recognize your position on that, an assault. You would have to agree there was, correct? Sure, yes. But this was a first degree robbery case, which required, and also an aggravated assault case. And so it did require an aggravated assault. But I would agree, perhaps, that a jury could find a simple assault, for example. And the issue is for a robbery is whether the actor acted with an intent to put another in fear of immediate and serious bodily injury. Not whether it happened, but whether they had the intent to do it. Why under Judge Greenway's hypothetical, which is it takes you all the way up to the point of a shooting, couldn't a reasonable jury conclude that the actor acted with such intent? Even if the victim thought the initial approach was a joke, given the time of day, or night as we say, and the approach and the repeated approach, why isn't that something the jury could easily conclude and hence not have actually decided in the first trial? Sure, well, again, it is about, this is about serious bodily injury and no jury based on the conduct beforehand, before the shooting would support that. And indeed the prosecutor argued that Mr. Tapper showed Mr. Roberts he was serious by shooting him. And so the victim thought that he was joking and it was the shooting that made him think that he was serious. But also I would add that, even regardless in this case, that question was not put to the jury. The jury was not given an opportunity to decide whether or not that would constitute a serious bodily injury, or a threat of serious bodily injury, which I contend that it wouldn't. Would you agree that the jury instructions in the first trial on robbery were very muddled, if not confused? It's correct that on two occasions, the trial court did use the conjunctive instead of the disjunctive on- Yeah, I'm not talking about that, ma'am. I'm not talking about the state of mind instruction. I'm talking about the fact that when it recited the elements of robbery, it required serious bodily injury when in fact the elements of robbery do not. And isn't it interesting that the jury's question almost demonstrated that it recognized something was not quite right about those instructions? Well, the version of robbery charged at the first trial did include actually inflicting serious bodily injury during the course of a theft. And so that was, at the second trial, it was about a threat of serious bodily injury. But here, it's not so much, the Commonwealth is focusing very much on the different elements of these crimes, aggravated assault or the first robbery versus the second version of robbery. But in this case, it's about the issues that have been litigated and decided and are now being re-litigated. And that issue is whether or not he was the shooter or had a gun with the intent to commit a crime. Can you verbalize for me precisely what the second jury was asked to determine? Sure. The second jury was asked to determine whether or not Mr. Tapper threatened serious bodily injury during the course of a theft by shooting Mr. Roberts. By shooting him? Yes. And the jury's determination? Yes. Yes. And that's because that is how the prosecution tried this second case. It presented all of the shooting evidence because it knew that it couldn't win without the shooting evidence. There was no other threat of serious bodily injury. Why isn't that just an affirm? That was what the jury- Sorry? The jury made that determination. Why is that not just an affirm on our part? Why shouldn't we just affirm? Because that was the double jeopardy violation. At the moment where the prosecution said at the double jeopardy hearing that it proffered the same factual basis and was gonna present the same case, that is an ash violation, that it would re-litigate an issue the first jury had already decided and rejected. And the prosecution should not have been afforded an opportunity to convince a second jury of something that it wasn't able to convince a first jury of. Well, the question here is, is the question of who is the shooter critical, essential to the second jury's verdict, right? So that's why we've been asking you these hypotheticals. Because as I understand Pennsylvania law, you'll tell me if I'm wrong, the subjective response of the victim, Mr. Roberts, is not relevant, right? So whether he thought it was a joke or not, isn't relevant. And what I thought was relevant is that there was a fight, right? And the fight preceded the shooting, right? Because as I understand the facts, in the middle of the fight, Mr. Roberts says, I felt something, right? So that means that he was accosted, he was approached, they were already fighting. So the question is, to fulfill the elements of robbery, does the jury need to have approached the case in the same way that it did in the first trial? And that's the question that I want you to really focus on. Is it possible to come to the determination in the second trial that Mr. Tapper had committed a robbery before the shooting? That's the question. Now you could say, no, the elements aren't done, but remember the element as Judge Schwartz read it to you, and maybe you can focus on that moment in time for me, please. Sure. And no, Your Honor. And that's because even though this is, as you say, an objective analysis, we look at what an objective person would have thought or reacted. But in this case, we still have to look at the facts. And this is an acquaintance who is much smaller, who comes up and the victim doesn't see a gun. And all of the evidence of the altercation is that Mr. Roberts testifies that he began punching Mr., Mr. Roberts testified that he began punching Mr. Tapper. There's no evidence of more than that, other than Mr. Tapper allegedly shot Mr. Roberts. There was no fist thrown necessarily from Mr. Tapper. That was not Mr. Roberts' testimony or his police statement. So, Starry, what's a fight? If it's not throwing punches, they were not hugging each other saying, hey, great to see you. Well, Mr. Roberts was throwing punches. And so that was a fight. But the question is whether or not Mr. Tapper put Mr. Roberts in fear of serious bodily injury, not whether Mr. Roberts was punching Mr. Tapper. And so in this case, we don't have, and no jury could have found serious bodily injury without the shooting. And that's why the shooting became necessary part of the government's robbery case at the second trial. Let me change gears for a moment. The Commonwealth sided to Commonwealth versus Leatherberry in its brief. And there was no response in your reply. I'm trying to assess whether Leatherberry is instructive and possibly dispositive, right? In thinking about double jeopardy in this context and whether the court can say it's irrational for the first jury to acquit without finding in Tapper's favor on the fact essential to his robbery conviction. Here, you argue that the essential fact for consideration as to both trials was who's the shooter. Leatherberry had very similar facts and the Pennsylvania Superior Court in that instance found those facts to be sufficient to sustain a robbery conviction under the same statute at issue here. So my question is, doesn't Leatherberry instruct that the facts presented at the second trial are sufficient for a robbery conviction under Pennsylvania law? And if we got into the facts, Leatherberry is frighteningly similar to these. So help me with understanding Leatherberry and its application here. Well, your honor, I would disagree. And that's because Leatherberry actually involved a different version of part of the robbery statute. And that was one that required only a threat of bodily injury and not serious bodily injury. And I would also add that the facts of the Leatherberry case are more aggravated. In that case, it was two men coming up behind an elderly man and grabbing both of his arms. And again, here we have Mr. Tapper allegedly coming up behind Mr. Roberts, but Mr. Tapper is much smaller, he's unarmed and it seems like a joke at first. And so the difference here, those facts cannot establish serious bodily injury and Leatherberry is really only about bodily injury. And then I would also add, if there's any question as to whether or not the shooting was an ultimate issue of fact at the second trial, the prosecution absolutely framed it as the sole question for the jury's consideration. In closing arguments, the prosecution said, there's no question there was a robbery in this case. Robbery is simply inflicting serious bodily injury on another person while committing a theft. It encompasses a shooting. There's no question there was a robbery. The only question is, is the defendant the guy who did it? And that was the question that the second jury had to reach. And when it did show, it reached a conclusion opposite of the first. That was the only question that they decided, was there a robbery? Were they asked to decide whether there was an armed robbery or whether it was a robbery with the use of a weapon? No, but they were asked to decide if there was a robbery with a threat of serious bodily injury. Okay. A weapon was not specifically included in the instructions. That is correct. But as I said before, the weapon was, and the shooting was the only evidence of a threat of serious bodily injury. And that was the way the question was phrased to the jury. Yes, the question was very much phrased to the jury that, you know, Mr. Tapper was guilty of robbery because he shot him while trying to steal from him. Okay. That was the government's question, not the jury. That was the government's question to the jury. Thank you. And what was the jury's decision? Was he yes or no? At the second trial, the jury did convict Mr. Tapper. Based on that question? Yes, based on that question. And based on a finding that he did shoot Mr. Roberts. And that's because that was, you know, the way that the prosecution tried this case at the second trial. Why doesn't that dispose of this case? The jury made a specific finding. There was a robbery and that Mr. Tapper used a weapon in connection with that robbery. Because that precise, you know, issue that you've just articulated was an issue that was decided by the first jury. And that was the issue that, you know, the prosecution was not allowed to retry in any future lawsuit. All right, so that issue was not presented to the second jury. Sorry, the issue of whether or not Mr. Tapper shot Mr. Roberts, I would argue, was presented to the second jury as that was the prosecution's sole theory of criminal liability. But in fact, this idea that you talk about in your brief and here today about this theory of liability is not the test. The Sixth Circuit and the Seventh Circuit have both rejected that test. The test is whether the prosecutor must prevail on an issue that was already decided in order for it to proceed and win. Now, normally, most double jeopardy issues are presented before the second trial ever happens, right? And so a court deciding this is gonna look at this from, the second trial is gonna be on robbery. Must the prosecutor prevail on the shooting in order to prevail on the robbery? And the answer to that, given what you must prove, has to be no. Well, so we keep focusing on the theory, but it's not the government's theory that dictates it. What was decided by the first trial and what must the prosecutor, must the prosecutor prevail on that issue at trial number two? Well, Your Honor, and I agree. Well, I agree with the fact that the second trial in this case should have never happened. At the proffer, at the double jeopardy hearing, the government proffered that it would present the same factual basis in the same case. And that's when it became clear that the first issue was necessary to the second case because that's the case that the government intended to try and it could not succeed at the second theory if it did not prove its case for robbery. And so that is why the second trial should have been barred. And I would also add that the case from the Sixth Circuit, Wade versus Timmerman Cooper is distinguishable. In that case, there was other evidence of, sufficient evidence of a use of force. And therefore the second jury didn't have to find the gun evidence compelling in order to still convict Mr. Wade of robbery and kidnapping. And in this case, we have, you know, a very different situation. Okay. I'm sorry. Was the jury asked to determine whether he had a gun and whether there was a robbery? In this, I'm sorry, I usually cut out. In the second trial, what specifically was the jury asked to determine? The jury was asked to determine whether or not Mr. Tapper threatened serious bodily injury. And so, but, you know, the government. So hold on a second. So the jury was not asked to determine whether that bodily injury was with a gun or not or with the use of a gun. Well, in a way it was, because that was the sole theory of criminal liability. The use of a gun to commit a robbery. Correct. Because that was the threat. And that was the second trial. And I assume that was part of the question to the jury and their decision was what? Yes or no? Yes, that he did commit a robbery. With a gun? Yes, with a gun. Okay. There's no other rational basis for the second jury's verdict. Okay. Judge Schwartz, anything further? No, thank you. Judge Fuentes, anything further? Thank you, I'm fine. Okay, great. We'll have you back on rebuttal council. Let's hear from your adversary now. Thank you. Good morning, your honors. May it please the court. My name is Laura Zippin. I'm representing the Commonwealth at police. It seems like your questions so far are very focused on the second trial. So I wasn't sure if you wanted to start with what was or was not necessarily determined at the first trial. I'm sorry, Judge Reno. No, no, no, please go Judge Fuentes. Oh, go please. From your perspective, that last question that I asked council, did the jury determine in the second trial that a robbery was committed with the use of a gun? Or a weapon? I would say no. I would say they determined that a robbery was committed. And that's all that we can definitively take from that. All right, so they were not asked to determine whether the robbery was committed with the use of a weapon or a gun or anything like that? No, they were presented with testimony and some theories. And they were asked whether, you know, they could conclude beyond a reasonable doubt that Mr. Tapper had placed the victim in fear of serious bodily injury. Well, let me ask you this question, counsel, that's a follow-up on Judge Fuentes' question. If the quantum and details of the evidence was essentially the same in the first and second trial, why shouldn't we infer that the same question that preoccupied the jury in the first trial similarly preoccupied the jury in the second trial? Sorry, I'm trying to make sure that I... Well, it's very straightforward. At the first trial, the evidence and details with regard to the evidence focused on who's the shooter, right? The quantum and details of the evidence in the second trial, just the evidence, right? What we're focusing on for the moment is the same, right? The presentation of the evidence didn't change. Correct. Yes. So my question is this, if the evidence presented by the state in the first trial focused on the question of who's the shooter, now the evidence presented in the second trial was the exact same, why shouldn't we infer that the jury was preoccupied with the same question in the second trial that it was in the first trial? Well, I would say first, we shouldn't presume what the jury is basing any of its decisions on unless it's very clear from the record. And I would say the first trial- Very clear in the record that in the first trial, the government, the state was focused on who's the shooter, resolving the question of who's the shooter, right? Yes. We would agree on that, right? Yes, I would say that both trials, the prosecutor was certainly arguing that Mr. Tapper was the shooter. Okay. So if at both trials, there was a preoccupation with the question of who's the shooter, then why shouldn't a petitioner prevail in this instance, right? Because the focus, obsession, whatever you want to call it, on who's the shooter was present in both the first trial and the second trial. Well, I don't think that a preoccupation or the prosecutor's argument is the same as saying the first jury necessarily decided something and the second jury couldn't have convicted without relying on a contrary finding. So let's take that analytical frame in pieces. Do you agree that the first jury actually decided he was not the shooter? No. You don't agree with that? No. Let's assume for hypothetically that you agreed with that. The first jury said they actually decided he was not the shooter, okay? The second step of the analytical test is must the government prevail on that point, i.e. he was the shooter, to convict of robbery. Do you agree that's the analytical frame? First decide what was actually decided and then turn to whether the government must prove that actually decided matter in order to prevail in trial number two. Do you agree that those are the two steps? Yes. Okay. Pretend for the moment that the first jury determined, actually decided Tapper was not the shooter. Does the government need to prove he was the shooter to prevail on the robbery charge against him and the particular provision under Pennsylvania law? And if it doesn't, why not? I would say no. And because you don't need to show that he was the shooter to show that he threatened or put the victim in fear of serious bodily injury. I mean, the facts up until the point where the victim was shot, there's enough evidence to show that he was put in fear of serious bodily injury. You know, he's approached from behind at 2 a.m. by a guy who is known to carry a gun and have a temper. And that guy asked for money and then he yanks on the back of his shirt and demands money again. There's enough circumstantial evidence for a jury to conclude that that would threaten him. But the jury apparently never determined that he was the shooter, that he shot Roberts in the course of a robbery. Am I right or wrong about that? At the first trial? First or second. Did the jury ever determined that Tapper shot Roberts? Whether in the course of a robbery or in whatever circumstances but did the jury ever make that determination? No, I don't think that issue is ever determined either way. Okay. They weren't asked. Well, if that's the case, then can there be an armed robbery? Well, it wasn't, it didn't have to be an armed robbery. It's just... Just robbery? Yes. Okay. Yes, and I mean, there can be robbery without shooting. Without the use of a weapon, yes. Okay. I don't have anything further. Judge Greenaway, you're frozen on our screen. Are you, can you hear us? I can hear everything. That's why I keep tapping in and out to unfreeze myself,    I'm not sure if you can hear me. But I can hear everything. So I am, ah, there you are. Well, I'm yet again frozen. Judge Schwartz, do you have anything further? I do not, thank you. Okay. Counsel, did you have anything further that you wanted to share with us? Well, we haven't talked very much about what the first jury necessarily decided. And I would just argue that we can't say with certainty that they decided that Mr. Tapper wasn't the shooter. You know, this court has noted, it's usually impossible to determine the factual basis of a general jury verdict. And I don't think this case is an exception to that rule. I don't think it would have been irrational for that jury to acquit on the basis of their doubts about whether the criminal intent had been proven beyond a reasonable doubt, especially considering the confusing jury instructions. I mean, the judge in that case granted a judgment of acquittal on the attempted murder charge  could support the intent to kill, even though the victim was shot three times, including in the chest. So I think it's fair to say that intent was a question. And I would not say that the first jury necessarily determined that issue. But- If I could ask you though about the jury's, the only question that was being presented in the appendix on the jury's question, where they ask to find defendant guilty of ag assault, do we need to believe he was the shooter? In other words, aggravated assault charge encompasses the shooting and the robbery does not, correct? Given this question, the jury's ultimate verdict on ag assault, is it fair to infer that the jury decided he wasn't the shooter? Otherwise they would have returned a guilty verdict on ag assault. No, I would say that the jury question shows that the jurors were confused by the judge's instructions. I mean, because jury questions don't have the same sort of force as a jury verdict. Like it's not, like we know that all 12 jurors had that same question that they were worried about. So I would say what we can infer from that is that they were confused. And then in response, the judge did not, did not really clear anything up. And instead he re-instructed in a way that made it sound like they needed to find an intent to cause serious bodily injury. So I would say might have just confused them further. Thank you. Great. All right, well, thanks so much counsel for your argument. We'll hear from your adversary on rebuttal. Thank you. Thank you, your honor. And I just like to make two points in rebuttal. And the first is, with regard to the first question of whether or not we can figure out what the first jury necessarily determined. And in this case, when we apply Ash's pragmatic approach, looking at the entire record with common sense and rationality, we can because this case was relatively simple and there was just one issue. And that question was whether or not Mr. Tapper was the shooter. And this court in United States versus Regus asked whether there was a sole defense theory. And in this case, there was a sole defense theory. And that was that Mr. Tapper wasn't the shooter. And Mr. Tapper raised doubts about whether or not he was the shooter. And that's because there was no evidence linking him to the shooting. The victim didn't see him with a gun. No gun was ever recovered from him. There was no evidence corroborating that the shots were fired from close range. And there were multiple people in the vicinity. And so clearly the jury ended up with doubts about whether or not he was the shooter asking, can we find him guilty if he was not the shooter? And it resolved those doubts in its acquittals. That's how the jury spoke. And the jury clearly found that he wasn't the shooter. And really that's the only logical conclusion that we can take from the entire record of this case. And then the second thing is that the Commonwealth keeps going back to the difference in elements in the crimes. The Commonwealth says, we don't need to prove the shooting in order to prove a threat. But in this case, that's the wrong analysis. Based on the way this trial was tried, the second jury could not have convicted Mr. Tapper without the shooting evidence, without basing its verdict on the shooting. And that's because that was a threat of serious bodily injury. And the Commonwealth isn't able to point to a single case showing that those other actions, just simply because you come up from behind at night or you grab somebody's shirt, that those actions constitute a threat of serious bodily injury. In fact, the only case that the Commonwealth can point to is the Leatherbury case. And that involved a different level of robbery only requiring bodily injury. And the facts in that case were more aggravated, I would argue. And so in this case, I would say, sorry, go ahead. If we were to agree with you that the evidence is unclear as to whether he was a shooter or not, what is the disposition that you would ask for your client? Sure. Well, in this case, because the jury already decided that question and it became necessary in the second trial, the second trial should never have occurred. It should have been entirely barred. This case is entirely squarely controlled by Ash. But I think Judge Fuentes was asking you if we could not agree with your view that the first trial necessarily found he was the shooter. That's his question. What, then what? And we know what your position is. I'm sorry, I missed that part. Well, in that case, then if it's not possible to determine what the first jury necessarily decided, then Ash issue preclusion does not apply. But as I had said before, this is not that kind of case. This was a relatively simple case where there was one issue and the issue decided was that Mr. Tapper did not shoot Mr. Roberts or that he ends that he did not have a gun with the intent to commit a crime. But they did find that he committed robbery. Sorry, in the first case, they did not find that he committed robbery. The jury was unable to reach a verdict as to the robbery count. In the second trial. In the second trial, they did find that he was guilty of robbery. And that was based on the shooting evidence. That was the sole case presented to the jury. All right, well, thank you so much, counsel. We appreciate the arguments and we'll take the matter under advisement. Thank you.